IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                No. CR 16-04230 JB

ERNEST ANTHONY MONTOYA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on Ernest Anthony Montoya's Unopposed Motion for Early Termination of Supervised Release, filed May 17, 2021 (Doc. 57)("Motion"). The Court held a hearing on June 3, 2021. See Clerk's Minutes, filed June 3, 2021 (Doc. 64). The primary issue is whether the Court should grant Montoya's Motion where the United States does not oppose it. The Court concludes that it does not have discretion to grant Montoya's Motion before twelve months of his supervised release have elapsed.

## FACTUAL AND PROCEDURAL BACKGROUND

    In 2012, Montoya was convicted of "Aiding & Abetting Possession With Intent to Distribute Marijuana" under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, Transfer of Jurisdiction at 1, filed February 21, 2017 (Doc. 1)("Transfer"), and sentenced to 63 months' imprisonment followed by five years of supervised release, see Judgment in a Criminal Case, filed February 21, 2017 (Doc. 1-2)("Original Judgment"). Montoya's original supervised release dates were from September 2, 2016, until September 1, 2021. See Transfer at 1. After Montoya got out of prison, the United States District Court for the Western District of Texas transferred Montoya's custody

to the United States District Court for the District of New Mexico, pursuant to 18 U.S.C. § 3605, on February 26, 2017.  See Transfer at 1.

Montoya violated his term of supervision on October 23, 2018, see Judgment in a Criminal Case For Revocation at 1, filed November 22, 2020 (Doc. 54)("Judgment"), but was not sentenced more quickly because of concerns about his competence, see Motion ¶ 2, at 2-3.  Montoya served almost two years in custody before his Revocation Hearing on November 4, 2020.  See Motion ¶ 2, at 1; Transcript of Revocation of Supervised Release Proceedings at 16:4-11 (Court, Porter)(taken November 4, 2020), filed May 24, 2021 (Doc. 60)("Nov. Tr.").  Montoya admitted to a violation of his supervised release on November 4, 2020, and "was sentenced to a term of imprisonment of 628 days and ordered to serve 18 months of supervised release."  Motion ¶ 1, at 1 (citing Judgment at 3).  At the Revocation Hearing, the Court released Montoya from custody and Montoya returned to Portales, New Mexico, to live with his father, because the Residential Reentry Center ("RRC") -- La Pasada -- to which he was supposed to go was not taking any new referrals given COVID-19 concerns.  See Motion ¶¶ 4-5, at 2; Nov. Tr. at 37:7-20.  The Court indicated that Montoya would be released from custody and would "go to La Pasada when he can." Nov. Tr. at 37:19-20 (Court).   Regarding Montoya's placement at La Pasada, the Court stated: "We can relook at it in six months; putting him in La Pasada for six months keeps him in Albuquerque where there [are] resources.  If we need to relook at it, we can."  Nov. Tr. at 35:24-36:2 (Court).  The Court continued:

> I encourage everybody to relook at it in six months when he's coming out of the La Pasada, and see if we need to maybe try to find something, either Belen, Portales, or Clovis, or something like that. But I think for the six months that will provide him some structure and will allow him to get the services of a big city.  He's got a lot of problems. And, you know, it's difficult to find those answers over on the east side.

Nov. Tr. at 37:15-24 (Court).

On December 11, 2020, Kelly L. Barela, Senior United States Probation Officer ("USPO") filed a Memorandum recommending suspension of the RCC requirement: "Due to the defendant being stable with his mental health treatment, and his supportive father, it appears it would be best to suspend the RRC condition at this time." Memorandum at 1, filed December 11, 2020 (Doc. 55). See Motion ¶ 6, at 2. On May 17, 2021, Montoya filed his Motion, arguing that the Court "invited a motion for early termination of Mr. Montoya's supervision in the event Mr. Montoya was successful in his supervision," Motion ¶ 3, at 2, and that "Mr. Montoya has been on supervised release for a little over 6 months without any violations of conditions," Motion ¶ 7, at 2. Montoya asserts that USPO Barela does not object to the early termination of his supervised release, Motion ¶ 9, at 2, and that Assistant United States Attorney Holland Kastrin "indicated that she will defer to the court on the issue of early termination," Motion ¶ 10, at 2.

The Court held a hearing on Montoya's Motion on June 3, 2021. See Clerk's Minutes at 1. Although the Court suggested the parties check in after six months to determine if Montoya should remain at La Pasada, see Transcript of Early Termination Hearing at 13:24-14:6 (Kastrin)(taken June 3, 2021)("June Tr."),[1] the Court did not invite a motion for early termination of supervised release at the November hearing. See June Tr. at 8:22-23 (Court)("I don't think I invited this motion [or] this hearing. . . . I don't think this is consistent with the policy . . . It's either a statute or a guideline . . . that says he needs to have served a year of supervised release"). Montoya did not go to the RRC in the end because, "the Court relieved Mr. Montoya of the requirement of La Pasada," June Tr. at 14:9-10 (Burgess-Farrell), on the basis of the USPO

---

[1]The Court's citations to the draft transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

Barela's Memorandum, and because "there was a delay in getting him into a halfway house due to the COVID requirement and so during that timeframe [the USPO] was able to help him get [set] up with local resources," June Tr. at 14:18-22 (Barela).  The Court confirmed that it is required statutorily for Montoya to serve at least one year of supervised release, see June Tr. at 8:25-9:2 (Court); id. at 9:11-19 (Barela), and that the one year requirement applies whether it is for supervised release imposed after an original sentence, or for supervised release imposed after revocation of supervised release, see June Tr. at 10:7-11:7 (Court, Barela, Kastrin).

## LAW REGARDING EARLY TERMINATION OF SUPERVISED RELEASE

The United States Court of Appeals for the Eleventh Circuit has stated:

> The primary goal of supervised release is to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period of time in prison for punishment or other purposes but still needs supervision and training programs after release.

United States v. Pugh, 515 F.3d 1179, 1199 (11th Cir. 2008)(quoting United States v. Armendariz, 451 F.3d 352, 362 n.6 (5th Cir. 2006)(citing S. Rep. No. 98-225, at 124 (1984), reprinted in 1984 U.S.C.C.A.N. 3182)).  "Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."  United States v. Johnson, 529 U.S. 53, 59 (2000)(citing S.Rep. No. 98-225, at 124).  Congress prohibited incarcerating an offender for rehabilitation purposes, but a court may consider an offender's need for rehabilitation in prescribing supervised release conditions.  See United States v. Burgos, 276 F.3d 1284, 1290 n.6 (11th Cir. 2001); United States v. Vigil, No. CR 05-2051 JB, 2010 WL 2301708, at *9 (D.N.M. May 4, 2010)(Browning, J.).

The sentencing court, pursuant to 18 U.S.C. § 3583(e)(1), which specifically refers the court to consider the factors in 18 U.S.C. § 3553(a), may "terminate a term of supervised release

and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). "Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion." Rhodes v. Judiscak, 676 F.3d 931, 933 (10th Cir. 2011) (citing United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011)). "Abuse of discretion occurs when the district court commits a serious error of judgment, such as the failure to consider an essential factor." United States v. Lowe, 632 F.3d at 997.

In accord with 18 U.S.C. § 3583(e), the district court must consider the factors that 18 U.S.C. § 3553(a) sets forth before terminating a term of supervised release. See 18 U.S.C. § 3583(e). The first factor the Court examines is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The second factor is "the need for the sentence imposed." 18 U.S.C. § 3553(a)(2). In analyzing the second factor, the district court considers what sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, adequately deters criminal conduct, protects the public, and provides the defendant with educational or vocational training, medical care, or other correctional treatment. See 18 U.S.C. § 3553(a)(2)(A)-(D). After considering the factors that 18 U.S.C. § 3553(a) sets forth, the district court examines whether the defendant's conduct warrants early termination and whether the early termination of supervised release is in the interest of justice. See 18 U.S.C. § 3583(e)(1). Finally, the district court exercises its discretion in granting or denying a defendant's motion for early termination of supervised release. See 18 U.S.C. § 3583(e).

**ANALYSIS**

A court may terminate a term of supervised release after one year:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) [18 USCS § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)] --
>
> (1) terminate a term of supervised release and discharge the defendant released at any time ***after the expiration of one year of supervised release***, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. § 3583(e)(emphasis added).

Currently, Montoya has served eleven months of his eighteen-month supervised release sentence. See Judgment at 1. The Court concludes that it does not have discretion to grant the Motion, because Montoya has not yet served one year of supervised release, notwithstanding that the United States does not oppose the Motion. While the Court agrees with Montoya in general that it has discretion to terminate Montoya's supervised release, see Motion at 3, the Court does not agree that it has discretion to terminate Montoya's supervised release before "the expiration of one year of supervised release," because the statute explicitly precludes a Court from exercising discretion before one year of supervised release has elapsed, 18 U.S.C. § 3583(e). The Court concludes, therefore, that it does not have the discretion to terminate Montoya's supervised release before the expiration of one year. As a result, the Court denies Montoya's Motion.

**IT IS ORDERED** that Defendant Ernest Anthony Montoya's Unopposed Motion for Early Termination of Supervised Release, filed May 17, 2021 (Doc. 57), is denied.

_____
UNITED STATES DISTRICT JUDGE

- 6 -

*Counsel:*

Fred J. Federici
  Acting United States Attorney
James D. Tierney
Kimberly A. Brawley
Norman Cairns
Holland S. Kastrin
Paul E. Schied
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Barrett (Barry) George Porter
Susan Burgess-Farrell
Burgess and Porter Law, LLC
Albuquerque, New Mexico

        *Attorneys for the Defendant*